## Case No. 15,209.

### UNITED STATES v. GITMA.

[3 Hughes, 549; 7 Reporter, 361.] [1]

Circuit Court, E. D. Virginia. Feb. 11, 1879.

HINDERING AND ASSAULTING MARSHAL — PLACES OF ELECTION.

Rights of United States deputy marshals at the places of election. Limits of their power.

[Cited in Attorney General v. May, 99 Mich. 550, 58 N. W. 483.]

Indictment [against Adolphus Gitma] for hindering and assaulting a deputy marshal in the discharge of his duty at an election for a member of the house of representatives of the United States. During the progress of the argument before the jury in this case, the judge, in order to shorten the discussion, interrupted counsel with the following explanation of the law governing the case:

HUGHES, District Judge. There has been so much controversy and so much feeling on this subject that I think I ought to make use of this first occasion on which the court has been called upon to rule upon it, to set out its view of the law on the subject, so that officers of the United States will better know their duties and powers, from the only source competent to explain them in a binding and authoritative manner. It is useless to consider the constitutionality of the law of congress embodied in the Revised Statutes in regard to the duties of supervisors and deputy marshals of the United States during their attendance upon elections. Section 4 of the first article of the constitution of the United States provides that: "The times, places and manner of holding elections for senators and representatives shall be prescribed in each state by the legislature thereof. but the congress may at any time by law make or alter such regulations, except as to the place of choosing senators."

There can be no doubt, therefore, of the constitutionality of the sections of the Revised Statutes about to be reviewed. so far as they apply to elections for members of congress. Their constitutionality is only brought in question when they are sought to be applied to elections for state officers. The election, for conduct at which Gitma, now under trial, was indicted, was held for the election of a member of congress. Deputy Marshal Archer was in the room of the judges of election at Petersburg. and was ordered out, and in that way. but not by violence. was put out by Policeman Gitma. Gitma stands indicted for the act. The question is, whether a deputy marshal had a right to be

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission. 7 Reporter, 361, contains only a partial report.]

in the room of the judges by the law of the United States? The law makes a clear distinction between the powers of supervisors and the powers of deputy marshals during their attendance at elections. As to supervisors the language of section 2019 is that "they are authorized and directed, in their respective election districts or voting precincts on the day of election, to take, occupy, and remain in such position. from time to time, whether before or behind the ballot-boxes, as will, in their judgment, best enable them to see each person offering to vote, and as will best conduce to their scrutinizing the maner in which the voting is being conducted," etc. Section 2017 gives the same authority in general terms. Thus. not only does the law in terms empower a supervisor to be in the room with the judges of election, but empowers him to be in any place or position in which, in his own judgment. he can best perform his duties. The act of congress which is thus specific in defining and complete in conferring these powers on supervisors, is the same one which prescribes the duties of deputy marshals. While it is thus express and full in regard to supervisors it is the reverse in defining the authority of deputy marshals. Section 2021 simply provides that "when required" to do so by the supervisors it shall be the duty of deputy marshals to "attend the polls" in their districts or precincts. The section gives the deputy marshals no authority except to be present at the polls. The same act of congress which expressly "directs" supervisors to place themselves before or behind the ballot-boxes as they may think proper. is silent in regard to deputy marshals. and gives them no such authority. Section 2022 defines the object of the appointment of deputy marshals, and defines their powers and duties. It makes it their duty to "keep the peace, and support and protect the supervisors in the discharge of their duty; to preserve order at the voting-places; to prevent fraudulent voting, or fraudulent conduct on the part of any officer of election, and to arrest without process any person who commits illegal acts in their presence." It omits to give them authority to go behind the ballot-boxes and to place themselves in any position they please. This omission has much meaning, as showing that the powers and duties of marshals are different from those of supervisors. This same section 2022, while providing that the supervisors, in addition to their own powers, shall, in the absence of deputy marshals, have the same duties and powers as deputy marshals, omits to give the reverse authority; and neither this section nor any other section of the law gives to marshals, in the absence of supervisors, the powers and duties of supervisors proper. Their duties, therefore, are not those of supervisors of elections, but merely those of conservators of the peace at the polls.

My conclusion, therefore, is, that unless for

the purpose of suppressing actual violence or of preserving the peace when actually disturbed, or protecting the supervisor when actually needing protection, or preventing fraud actually attempted, in the room, the deputy marshals have no right to be in the room in which the judges and supervisors of election are performing their duties, or to go behind "the ballot-boxes" unless requested to do so by both judges and supervisors. If congress had designed that they should have that power (as it did design that supervisors should have it) it would have given it expressly (as it did give the power to the supervisors expressly). Unless it can be shown that their presence is required by the exigencies which have been mentioned, the judges of election have the same right to order deputy marshals out of their room as they have to order out any unofficial person. The object of sections 2021 and 2022 is to define the powers and duties of deputy marshals, while the object of section 5522 is to define the offence and fix the punishment of persons who hinder and obstruct these officers in the performance of duties required of or authorized in them; and when this latter section goes on to say that when a person obstructs them in doing what they are authorized by law to do, by specifying modes by which this obstruction may be committed, these latter clauses of the penal section of the law are not intended to give immunity and protection to deputy marshals in acts not authorized by sections 2021 and 2022. Though section 5522 therefore forbids any person from obstructing the deputy marshals or supervisors in doing acts which it names, and amongst others "from going to and from any room" where an election may be held; yet these words are to be construed in connection with all the rest of this law on the subject, and must therefore be treated as applying only to supervisors of election, as they only, and not deputy marshals, are allowed by those provisions of the law designed to define the powers and duties of such officers to "go to and from the room" in which the ballot-boxes are.

The following is, therefore, the ruling of the court: Unless it is shown that a disturbance of the peace has actually occurred, or violence is committed, or that one or the other is threatened, or that actual fraud is attempted, or that the supervisor is in actual need of protection, in the room of the judges of election, the deputy marshals of election have no right to be in the said room against the orders of the judges of election during the progress of the voting. But if there be actual disturbance of the peace, or other actual violence committed or threatened, or if the supervisor be in actual need of protection, or fraud be attempted in the said room, then the deputy marshal may enter the room for the purpose of discharging the duties imposed on him by section 2022.

Nolle prosequi was entered.